**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000911
21-APR-2020
08:34 AM**

NOS. CAAP-17-0000911 and CAAP-18-0000465

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CAAP-17-0000911
ALLY BANK, Plaintiff/Counterclaim Defendant-Appellee,
v.
JOHN HOCHROTH, Defendant/Counterclaim Plaintiff-Appellant,
and
SABINA MYOHYUNG HOCHROTH aka Sabina Myo-Hyung Hochroth;
and ISLAND HOME MORTGAGE, LLC, Defendants-Appellees,
and
JOHN DOES 1-20; JANE DOES 1-20;
DOE CORPORATIONS 1-20; DOE ENTITIES 1-20; and
DOE GOVERNMENTAL UNITS 1-20, Defendants

CAAP-18-0000465
ALLY BANK, Plaintiff/Counterclaim Defendant-Appellee,
v.
JOHN HOCHROTH, Defendant/Counterclaim Plaintiff-Appellant;
and
SABINA MYOHUUNG HOCHROTH aka SABINA MYO-HYUNG HOCHROTH;
and ISLAND HOME MORTGAGE, LLC, Defendants-Appellees,
and
JOHN DOES 1-20; JANE DOES 1-20;
DOE PARTNERSHIPS 1-20; DOE CORPORATIONS 1-20;
DOE ENTITIES 1-20; and DOE GOVERNMENTAL UNITS 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 16-1-0313-02)

SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Hiraoka and Wadsworth, JJ.)

This consolidated appeal[1] arises out of a foreclosure action initiated by Plaintiff/Counterclaim-Defendant/Appellee Ally Bank against, *inter alia*, Defendant/Counterclaim-Plaintiff/Appellant John Hochroth (**Hochroth**).  In the first appeal, CAAP-17-0000911, Hochroth appeals from the "Judgment" (**Foreclosure Judgment**) entered pursuant to the "Findings of Fact, Conclusions of Law, and Order Granting Plaintiff Ally Bank's Motion for Summary Judgment Against Defendants John Hochroth and Island Home Mortgage, LLC, and For an Order for Interlocutory Decree of Foreclosure and For Entry of Final Judgment Pursuant to Haw. R. Civ. P. 54(b)" (**Foreclosure Decree**), both entered on October 16, 2017, in the Circuit Court of the First Circuit (**Circuit Court**).[2]  Hochroth also challenges the Circuit Court's "Order Denying Defendant John Hochroth's Motion for Reconsideration of Plaintiff Ally Bank's Motion for Summary Judgment Against Defendants John Hochroth and Island Home Mortgage, LLC, and For an Order For Interlocutory Decree of Foreclosure and For Entry of Final Judgment Pursuant to Haw. R. Civ. P. 54(b)" (**Order Denying Reconsideration**) entered on December 6, 2017.

In the second appeal, CAAP-18-0000465, Hochroth appeals from the "Amended Order Granting in Part and Denying in Part Plaintiff Ally Bank's Motion for Attorney's Fees and Costs" (**Attorney's Fees Order**), entered on May 4, 2018, by the Circuit Court.

In his appeal of the Foreclosure Judgment, Hochroth asserts eleven points of error.  We summarize Hochroth's points of error one through ten as asserting that the Circuit Court erred in granting summary judgment in favor of Ally Bank because:

---

[1]  CAAP-17-0000911 and CAAP-18-0000465 were consolidated on appeal by an "Order to Consolidate CAAP-17-0000911 and CAAP-18-0000465 Under CAAP-17-0000911" entered on March 6, 2020.

[2]  The Honorable Jeffrey P. Crabtree presided.

2

(1) the Circuit Court erroneously relied on inadmissible hearsay testimony contained in the declaration of Jennifer Dobron (**Dobron**) in determining that Ally Bank established its standing to prosecute the instant foreclosure action at the commencement of the case and in admitting the underlying loan documents; (2) there exists a genuine issue of material fact as to Ally Bank's standing to foreclose; and (3) the Circuit Court did not grant Hochroth's request for additional time to complete discovery under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 56(f). In his final point of error regarding the Foreclosure Judgment, Hochroth asserts that the Circuit Court erred in denying his motion for reconsideration in light of alleged discrepancies in the allonge that purportedly specially indorses the underlying promissory note to Ally Bank.

In his appeal of the Attorney's Fees Order, Hochroth contends that his appeal of the Foreclosure Judgment divested the Circuit Court of jurisdiction to award Ally Bank attorney's fees or costs, and therefore its order is void.

We hold that genuine issues of material fact exist precluding summary judgment in favor of Ally Bank on the Foreclosure Decree and Foreclosure Judgment; the appeal is not moot; and although the Circuit Court had jurisdiction to address Ally Bank's motion for attorneys' fees and costs, the award of fees and costs is vacated because we vacate the Foreclosure Judgment and Foreclosure Decree.

### A. Ally Bank did not have admissible evidence to establish its standing to foreclose at the time the action was commenced.

The Hawaiʻi Supreme Court's opinions in Bank of America, N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 390 P.3d 1248 (2017), U.S. Bank N.A. v. Mattos, 140 Hawaiʻi 26, 398 P.3d 615 (2017) and Wells Fargo Bank, N.A. v. Behrendt, 142 Hawaiʻi 37, 414 P.3d 89 (2018) are dispositive in this appeal. In Reyes-Toledo, the supreme court held that in order to establish a right to foreclose in a judicial foreclosure action, the foreclosing

3

plaintiff must establish standing, or entitlement to enforce the subject note, at the time the action was commenced.  Id. at 367-70, 390 P.3d at 1254-57.

Like the foreclosing plaintiff in Reyes-Toledo, Ally Bank was granted a decree of foreclosure by way of summary judgment.  On February 19, 2016, Ally Bank filed a "Complaint for Mortgage Foreclosure" (**Complaint**) against Hochroth[3] which alleges, *inter alia*, that Hochroth executed and delivered to Defendant/Appellee Island Home Mortgage, LLC (**Island Home Mortgage**) an "InterestFirst Adjustable Rate Note" (**Note**) in the amount of $616,000.00, and that "[t]he Note was subsequently negotiated to [Ally Bank.]"  The Complaint further states that Ally Bank "is the current holder of the Note with standing to prosecute the instant action and the right to foreclose the subject Mortgage[,]" and that "[Ally Bank's] foreclosure counsel is currently in rightful possession of the endorsed Note, and [Ally Bank] is entitled to foreclose the Mortgage given to secure the payment of the Note."  Also attached to the Complaint is an affirmation by Ally Bank's counsel filed pursuant to HRS § 667-17 declaring, *inter alia*, that the "Complaint and other papers filed or submitted to the Court in this matter contain no false statements of fact or law and that [Ally Bank] has legal standing to bring this foreclosure action."[4]

On May 11, 2017, Ally Bank filed its motion for summary judgment.  Attached to Ally Bank's motion, *inter alia*, was a "Declaration of Indebtness" (**Dobron Declaration**) executed on May

---

[3]  The Complaint also names Sabina Myohyung Hochroth as a defendant in this foreclosure action.  On February 24, 2017, Ally Bank filed its "Notice of Partial Dismissal Without Prejudice of Plaintiff's Complaint filed on February 19, 2016 as to Defendant Sabina Myohung Hochroth AKA Sabina Myo-Huang Hochroth", which dismissed without prejudice the Complaint as to Sabina Myohung Hochroth.

[4]  At the time the Complaint was filed, Ally Bank's counsel was Peter T. Stone of TMLF Hawaii, LLLC.

4

2, 2017 by Dobron as the "authorized signer" of Ally Bank.[5]

The Dobron Declaration states, in pertinent part:

> 2. In the regular performance of my job functions, I have in my custody, control, and possession records maintained by [Ally Bank] for the purposes of servicing mortgage loans. These records (which include data compilations, electronically imaged documents, etc.) are made at or near the time of the act condition or event of which they are a record and made by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records, and are kept in the course of business activity conducted regularly by [Ally Bank]. It is the regular practice of [Ally Bank's] mortgage servicing business to make these records and [Ally Bank] relies on the maintenance of such records in the course of its business. Included within the records are documents, books and records originated by Island Mortgage, GMAC Bank and GMACB Asset Management Corp. (the "Original Lenders"). <u>I am informed an [sic] believe that the records obtained from the Original Lenders were made in the ordinary and regular course of business at or near the time of the act, condition or event of which they are a record, and made by persons who had a business duty to the Original Lenders to make such records, and that the Original Lenders relied on the maintenance of such records in the course of its business</u>. [Ally Bank] maintains accurate copies or originals of these records and relies on the maintenance of such records in the course of its business.
>
> 3. In connection with making this declaration, I have personally reviewed [Ally Bank's] records with respect to the mortgage loan at issue in this action, and this declaration accurately reflects such records. The facts stated in this declaration are true and correct based upon my personal knowledge, information and belief, or my review of the records, and, if called as a witness, I could and would testify competently thereto.
>
> . . . .
>
> 5. Attached to the Memorandum in Support of the Motion (the "Memorandum") as Exhibit "C" is a true and correct copy of that certain InterestFirst Adjustable Rate Note dated April 1, 2005, in the principal amount of Six Hundred Sixteen Thousand And 00/100 Dollars ($616,000.00), executed by [Hochroth] and Ms. Hochroth, in connection with the Loan, and made payable to the order of Island Mortgage (the "Note"), which is, and has been at all times relevant

---

[5] Also attached to Ally Bank's motion for summary judgment is the "Declaration of Jesse W. Schiel", one of the attorneys representing Ally Bank in the foreclosure action. In his declaration, Schiel attests, *inter alia*, "[i]n preparation for this Motion, I am temporarily in possession of the original Note (with Allonges affixed)(defined in the Memorandum), as temporary custodian on behalf of [Ally Bank,]" and that he "reviewed the original Note and confirm[ed] that it is an original with the Allonges affixed thereto." Schiel's declaration does not attest that Ally Bank was in possession of the Note at the time the Complaint was filed.

> herein, kept by Plaintiff in its offices during the ordinary course of business.
>
> . . . .
>
> 9. Island Mortgage subsequently endorsed the Note to GMAC Bank by that certain Allonge to Mortgage Note ("First Allonge"). Then, GMAC Bank endorsed the Note to GMACB Asset Management Corp. by that certain Allonge ("Second Allonge"). Finally, GMACB Asset Management Corp. endorsed the Note to [Ally Bank] by that certain Allonge ("Third Allonge"). The First Allonge, Second Allonge and Third Allonge (collectively the "Allonges") are affixed and a permanent part of the Note, a true and correct copy of the Allonges are attached to the Memorandum as Exhibit "C", which are, and have been at all times relevant herein, kept by [Ally Bank] in its offices during the ordinary course of business.
>
> 10. At the time of the filing of the underlying complaint on February 19, 2016, [Ally Bank] was in possession of the original Note, Allonges, Mortgage, Loan Modification and Assignment of Mortgage (collectively, the "Loan Documents"), and remains the current holder of the Loan Documents and as such is authorized to enforce the Note and Mortgage.

(Emphases added) (footnote omitted). Thus, Dobron attests that Ally Bank was in possession of the specially indorsed Note at the time the Complaint was filed.

However, under Mattos and Behrendt, Dobron's declaration does not satisfy the requirements for admitting the Note and Allonges attached to her declaration under Hawai'i Rules of Evidence (**HRE**) Rule 803(b)(6), which sets out the business records exception. Dobron does not attest that she is the custodian of the Note or the other documents attached to her declaration, and thus must be a "qualified witness" to establish the requirements for admissibility. Mattos, 140 Hawai'i at 30-32, 398 P.3d at 619-21; Behrendt, 142 Hawai'i at 45-46, 414 P.3d at 97-98.

Under Mattos and Behrendt, Dobron's declaration does not establish that she is a qualified witness to admit the underlying loan documents, including the Note and allonges. As stated in Behrendt:

> The court in Mattos held that a witness may be qualified to provide the testimony required by HRE Rule 803(b)(6) even if the witness is not employed by the business that created the document or lacks direct, personal knowledge of how the document was created. Id. "There is no requirement that the

> records have been prepared by the entity that has custody of them, as long as they were created in the regular course of some entity's business." Id. (quoting State v. Fitzwater, 122 Hawai'i 354, 366, 227 P.3d 520, 532 (2010)). The witness, however, must have enough familiarity with the record-keeping system of the business that created the record to explain how the record was generated in the ordinary course of business. Id.
>
> Records received from another business and incorporated into the receiving business' records may in some circumstances be regarded as "created" by the receiving business. Id. Incorporated records are admissible under HRE Rule 803(b)(6) when a custodian or qualified witness testifies that the documents were incorporated and kept in the normal course of business, that the incorporating business typically relies upon the accuracy of the contents of the documents, and the circumstances otherwise indicate the trustworthiness of the document. See id.; Fitzwater, 122 Hawai'i at 367-68, 227 P.3d at 533-34.

Behrendt, 142 Hawai'i at 45-46, 414 P.3d 89, 97-98 (emphases added).

Dobron does not attest that she is familiar with the record-keeping system of the businesses that created the Note (apparently Island Home Mortgage) or the allonges (apparently Island Home Mortgage, GMAC Bank, and GMACB Asset Management Corp. according to Dobron's declaration), such that she can explain how the Note and allonges were generated in the ordinary course of the businesses that created those documents. Rather, Dobron merely asserts that she is "informed an[d] believe[s] that the records obtained from the Original Lenders were made in the ordinary and regular course of business . . . and that the Original Lenders relied on the maintenance of such records in the course of its business." The Dobron Declaration also fails to show that the "documents were incorporated and kept in the normal course of business, that the incorporating business typically relies upon the accuracy of the contents of the documents, and the circumstances otherwise indicate the trustworthiness of the document[s]." Id. at 45, 414 P.3d at 97. Because the Dobron Declaration fails to lay adequate foundation as to Island Home Mortgage's Note or allonge, or the allonges created by GMAC Bank and GMACB Asset Management Corp., her statement that "[a]t the time of the filing of the underlying complaint on February 19,

2016, [Ally Bank] was in possession of the original Note, Allonges, Mortgage, Loan Modification and Assignment of Mortgage", is not admissible. See Mattos, 140 Hawai'i at 33, 398 P.3d at 622.

In sum, there is no admissible evidence in the record to establish Ally Bank's entitlement to enforce the Note when this action was commenced. Viewing the evidence in the light most favorable to Hochroth, as we must for purposes of a summary judgment ruling, we conclude that there is a genuine issue of material fact as to whether Ally Bank had standing when this foreclosure action was commenced. Under Reyes-Toledo, Mattos, and Behrendt, the Circuit Court erred in granting Ally Bank's motion for summary judgment.

In light of our conclusion, we need not address Hochroth's other points of error pertaining to the Foreclosure Judgment and Foreclosure Decree.

### B. Hochroth's appeal of the Foreclosure Judgment is not moot

In a declaration dated June 20, 2018, Hochroth attested that he accepted an offer from Cenlar Central Loan Administration & Reporting (**Cenlar**), apparently the servicer of Ally Bank, to reinstate the underlying mortgage loan. Per his declaration, Hochroth agreed to pay in full the amount specified by Cenlar to reinstate the mortgage loan, which he attests included the costs of the foreclosure and Ally Bank's attorneys' fees. Attached to Hochroth's declaration is a letter from Cenlar dated February 26, 2018, that acknowledges its receipt of Hochroth's reinstatement payment, and states that "any foreclosure action will be closed." Ally Bank asserts that Hochroth's appeal of the Foreclosure Judgment is moot in light of his subsequent payment of the past due principal and interest payments due under the loan, and Ally Bank's agreement not to pursue a foreclosure. We disagree.

The mootness doctrine is "appropriate where events subsequent to the judgment of the trial court have so affected the relations between the parties that the two conditions for

8

justiciability relevant on appeal—adverse interest and effective remedy—have been compromised." Lathrop v. Sakatani, 111 Hawai'i 307, 313, 141 P.3d 480, 486 (2006) (citations omitted).  Here, Ally Bank contends that Hochroth's subsequent reinstatement of the mortgage loan renders this appeal moot because there is no longer an adverse interest between the parties as to Ally Bank's right to foreclose on the subject property.  Given the record, Ally Bank's assertion of mootness lacks merit.

On November 20, 2017, the parties, pursuant to a "Stipulated Judgment" (**Counterclaim Judgment**), stipulated that summary judgment as to all of Hochroth's counterclaims against Ally Bank be entered in favor of Ally Bank.  The parties further stipulated that the Counterclaim Judgment would be set aside in the event that the Foreclosure Decree and Foreclosure Judgment "are reversed after conclusion of any appeal by Defendant Hochroth[.]"  Further, pursuant to the Attorney's Fees Order, Ally Bank was subsequently awarded $44,293.70 in attorney's fees and $1,344.18 in costs "based on the terms of the loan documents and as the prevailing party in an action in the nature of assumpsit".  Thus, the two conditions of justiciability, adverse interest and effective relief, remain in place in this appeal.

### C.    The Attorney's Fees Order

Hochroth contends the Attorney's Fees Order, entered on May 4, 2018, is void because Ally Bank failed to file its motion for attorneys' fees and costs within the time period required under HRCP Rule 54(d)(2), and thus the Circuit Court lacked jurisdiction to address fees and costs after Hochroth filed an appeal on December 26, 2017, from the Foreclosure Judgment.  We disagree.

The Foreclosure Judgment was entered pursuant to HRCP Rule 54(b).  "[A]n appeal under Rule 54(b) does not divest the trial court of jurisdiction to proceed with the other issues in the case." Sturkie v. Han, 2 Haw. App. 140, 146, 627 P.2d 296, 301 (1981) (citation omitted).  In Sturkie, this court further stated:

9

> The foreclosure decree is an exception to the general rule that a judgment, order, or decree is not final unless it completely adjudicates an entire claim. The decree of foreclosure is deemed final for appeal purposes notwithstanding the fact that many matters relating to it remain undetermined. Matters such as the order of sale, appointment of commissioner, confirmation of sale, award of costs and fees, and award of deficiency judgment are deemed to be incidents to the enforcement of the decree of foreclosure . . . and errors unique to them are separately appealable . . . when they are fully adjudicated[.]

(Emphasis added) (footnotes and citations omitted); see also Central Pacific Bank v. Metcalfe, No. CAAP-14-0000851, 2015 WL 3549997 (Hawai'i App. June 4, 2015) (SDO) (holding that circuit court had jurisdiction to award attorneys' fees even though motion for fees was filed more than 14 days after foreclosure decree was entered and after notice of appeal from foreclosure decree was filed).

Thus, the Circuit Court had jurisdiction to address Ally Bank's motion for attorneys' fees and costs filed on February 9, 2018, and to enter the Attorney's Fees Order on May 4, 2018.

However, in light of our conclusion that the Circuit Court erred in entering the Foreclosure Judgment and Foreclosure Decree, we further conclude that the Circuit Court erred in entering its Attorney's Fee Order.

Therefore, IT IS HEREBY ORDERED that the following, all entered by the Circuit Court, are vacated:

(1)  The "Judgment" entered on October 16, 2017;

(2)  "Findings of Fact, Conclusions of Law, and Order Granting Plaintiff Ally Bank's Motion for Summary Judgment Against Defendants John Hochroth and Island Home Mortgage, LLC, and For an Order for Interlocutory Decree of Foreclosure and For Entry of Final Judgment Pursuant to Haw. R. Civ. P. 54(b)", entered on October 16, 2017;

(3)  "Order Denying Defendant John Hochroth's Motion for Reconsideration of Plaintiff Ally Bank's Motion for Summary Judgment Against Defendants John Hochroth and Island Home

10

Mortgage, LLC, and For an Order For Interlocutory Decree of Foreclosure and For Entry of Final Judgment Pursuant to Haw. R. Civ. P. 54(b)", entered on December 6, 2017; and

(4) "Amended Order Granting in Part and Denying in Part Plaintiff Ally Bank's Motion for Attorney's Fees and Costs", entered on May 4, 2018.

This case is remanded to the Circuit Court of the First Circuit for proceedings consistent with this order.

DATED: Honolulu, Hawai'i, April 21, 2020.


On the briefs:

Richard T. Forrester,
Matthew P. Holm,
(Forrester Legal, LLC)
for Defendant/Counterclaim
Plaintiff-Appellant.

Jesse W. Schiel,
Gabriele V. Provenza,
(Kobayashi Sugita & Goda)
for Plaintiff/Counterclaim
Defendant-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge